IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Lee Winston,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 10-1167-PHX-DGC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Barry Lee Winston. (Doc. 1). Pursuant to a plea agreement, Petitioner pled guilty on February 2, 2005, in Maricopa County Superior Court to two counts of attempted sexual exploitation of a minor, both class three felonies and dangerous crimes against children under Arizona law. (Doc. 12, Exh. C). On March 22, 2005, Petitioner was sentenced to 10.5 years in prison on the first count and a consecutive term of lifetime probation on the second count. (Doc. 12, Exh. E).

1  On April 18, 2005, Petitioner filed a Notice of Post-Conviction Relief in the Superior Court.[1] (Doc. 12, Exh. F). The court appointed counsel and on November 21, 2005, counsel filed a Notice of Completion of Post-Conviction Review by Counsel and a Request for Extension of Time to Allow Defendant to File a *Pro Per* Petition for Post-Conviction Relief. (Doc. 12, Exh. G). Counsel explained in the notice that he was unable to find any claims to raise and thus asked the court to provide Petitioner time to submit his own petition. (Id.). On November 22, 2005, the trial court granted the motion and gave Petitioner 45 days to file a petition. (Doc. 12, Exh. H.) On December 19, 2005, Petitioner filed a *Pro-Per* Petition for Post-Conviction Relief. (Doc. 12, Exh. I). After briefing was completed, the trial court, in an order filed on March 20, 2006, concluded after analyzing Petitioner's claims that Petitioner failed to present a colorable claim for relief. (Doc. 12, Exh. L). Petitioner did not seek review in the Arizona Court of Appeals or the Arizona Supreme Court. (Doc. 1 at 5).

On April 23, 2008, Petitioner filed a second Petition for Post-Conviction Relief. (Doc. 12, Exh. M). On May 19, 2008, the trial court dismissed the petition after ruling that the timeliness exceptions under Rule 32.1(f) of the Arizona Rules of Criminal Procedure did not apply to Petitioner and that the change in the law Petitioner was arguing did not apply to his convictions. (Doc. 12, Exh. N). Petitioner filed a Petition for Review in the Arizona Court of Appeals on June 13, 2008, which was denied on September 18, 2009. (Doc. 12, Exh. O, R). Petitioner did not seek review in the Arizona Supreme Court. (Doc. 1 at 5).

On June 1, 2010[2], Petitioner filed his Petition for Writ of Habeas Corpus in this court. (Doc. 1). Petitioner alleges two grounds for relief: (1) that his attorney provided ineffective assistance of counsel when he failed to seek a bail reduction and argue entrapment; and (2) that he received an illegal sentence under Arizona Revised Statute § 13-604.01. On October

---

[1] The petition was actually filed on April 28, 2005, but under the prison mailbox rule the petition is deemed filed on the date it is delivered to prison authorities for mailing. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).

[2] Although Petitioner dates his petition May 19, 2010, he states that he placed it in the prison mailing system on June 1, 2010. (Doc. 1 at 11).

- 2 -

14, 2010, Respondents filed an Answer to Petition for Writ of Habeas Corpus. (Doc. 12). Petitioner filed a Reply on November 8, 2010. (Doc. 13).

**DISCUSSION**

Respondents contend, *inter alia*, that the habeas petition should be dismissed because it was not filed within the statute of limitations period. Petitioner fails to address the statute of limitations in his reply. Because the information presented establishes that the habeas petition was filed after the limitations period expired, the court finds that the petition is barred and recommends that it be denied on that basis.

**A.     Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the

1  conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking
2  such review.  See id.

3  Additionally, "[t]he time during which a properly filed application for State post-
4  conviction or other collateral review with respect to the pertinent judgment or claim is
5  pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2); see also
6  Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  A post-conviction petition is "clearly
7  pending after it is filed with a state court, but before that court grants or denies the petition."
8  Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004).  In Arizona, post-conviction review
9  is pending once a *notice* of post-conviction relief is filed even though the petition is not filed
10 until later.  Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).
11 An application for post-conviction relief is also pending during the intervals between a lower
12 court decision and a review by a higher court.  See Biggs v. Duncan, 339 F.3d 1045, 1048
13 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002).  However, the time
14 between a first and second application for post-conviction relief is not tolled because no
15 application is "pending" during that period.  Biggs, 339 F.3d at 1048; see also King v. Roe,
16 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval
17 between the completion of one round of state collateral review and the commencement of a
18 second round of review.").  Moreover, filing a new petition for post-conviction relief does
19 not reinitiate a limitations period that ended before the new petition was filed.  See Ferguson
20 v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

21 **B.    Application**

22 Petitioner was sentenced under the plea agreement on March 22, 2005.  Petitioner then
23 filed a timely "of-right" petition for post-conviction relief under the Arizona Rules of
24 Criminal Procedure.  See Ariz. R. Crim. P. 32.4(a).  After the trial court dismissed the
25 petition on March 20, 2006, Petitioner had 30 days to seek review in the Arizona Court of
26 Appeals, which he did not do.  See Ariz. R. Crim. P. 32.9(c).  Accordingly, under 28 U.S.C.
27 § 2241(d)(1)(A), Petitioner's conviction became final upon the expiration of that time period,
28

which was April 19, 2006. The limitations period therefore began to run the following day on April 20, 2006.

The limitations period expired one year later on April 20, 2007. Petitioner did not file his habeas petition in this court until June 1, 2010, more than three years after the limitations period expired. Petitioner's second petition for post-conviction relief in the state court on April 23, 2008, did not toll or reinitiate the limitations period because the period had already expired. The habeas petition is therefore untimely.

**C.     Conclusion**

For the foregoing reasons, the court finds that Petitioner's habeas petition is barred by the statute of limitations. The court will therefore recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation.  <u>See</u> Fed. R. Civ. P. 72.

DATED this 14th day of March, 2011.

/s/ Edward C. Voss
Edward C. Voss
United States Magistrate Judge